Filing # 85472039 E-Filed 02/25/2019 06:14:42 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jorge Martinez</u>
 Plaintiff
            vs.
<u>JVA Engineering Contractor, Inc., Jose Alvarez</u>
Defendant

---

**II.    TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

# Exhibit 1

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
  ☒   Monetary;
  ☒   Non-monetary declaratory or injunctive relief;
  ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
  (Specify)

  8

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐   Yes
  ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒   No
  ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒   Yes
  ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Nathaly Saavedra         FL Bar No.:  118315
    Attorney or party                                           (Bar number, if attorney)

  Nathaly Saavedra         02/25/2019
    (Type or print name)                          Date

Filing # 85472039 E-Filed 02/25/2019 06:14:42 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

JORGE MARTINEZ,

    Plaintiff,

vs.                                         Case No.

JVA ENGINEERING CONTRACTOR INC,
a Florida Profit Corporation, and
JOSE M. ALVAREZ, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, JORGE MARTINEZ ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, JVA ENGINEERING CONTRACTOR INC and JOSE M. ALVAREZ, ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, JVA ENGINEERING CONTRACTOR INC, is a Florida Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

1

5.  Defendant JOSE M. ALVAREZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JVA ENGINEERING CONTRACTOR INC.

6.  Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7.  Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.  Plaintiff performed work for Defendants as a non-exempt employee from on or about 2015 through 2016 and then from January 1, 2018 through October 1, 2018.

10. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

11. Specifically, Defendants were working on government contracts and receiving federal funding.

12. The Department of Labor requires that employees performing under these contracts be paid a prevailing wage rate.

13. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

14. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

15. Additionally, throughout Plaintiff's employment, he was paid at a rate below the applicable hourly wage rate as set forth under federal law for some of his hours.

16. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected the Defendants' failure to properly pay wages.

17. Specifically, Plaintiff complained to his direct supervisor regarding not being compensated at the prevailing wage rate as established as required by the Davis-Bacon and Related Acts (DBRA).

18. On or about October 1, 2018, Defendants terminated Plaintiff in retaliation for engaging the protected activity described above.

## COUNT I
### *Breach of Agreement against JVA ENGINEERING CONTRACTOR INC*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

20. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

21. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

<u>COUNT II</u>
*Quantum Meruit against* **JVA ENGINEERING CONTRACTOR INC**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

23. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

24. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

25. Defendant accepted Plaintiff's services to Defendant.

26. Defendant retained an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

27. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

<u>COUNT III</u>
*Unjust Enrichment against* **JVA ENGINEERING CONTRACTOR INC**

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

29. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendants.

30. Defendant has knowledge of the services performed and provided by Plaintiff.

31. Defendant voluntarily accepted the services performed and provided by Plaintiff.

32. Defendant unjustly benefited from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

33. Plaintiff seeks damages for the value of the work performed to Defendant.

     WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

**COUNT IV**
*Wage & Hour Federal Statutory Violation Against*
JVA ENGINEERING CONTRACTOR INC

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

35. This action is brought by Plaintiff to recover from Defendants unpaid overtime and wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

37. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business,

transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

38. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

39. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

40. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

41. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

42. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

43. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
***Wage & Hour Federal Statutory Violation Against JOSE M. ALVAREZ***

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

45. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JVA ENGINEERING CONTRACTOR INC.

46. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

47. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

48. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT VI</u>
*FLSA Retaliation Violation against* JVA ENGINEERING CONTRACTOR INC

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

50. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

51. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

52. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

53. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT VII</u>
**FLSA RETALIATION VIOLATION AGAINST *JOSE M. ALVAREZ***

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

55. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has

testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

56. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

57. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

58. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
*Violation by Florida Private Sector Whistleblower's Act, Section 448.102.*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 18 of this complaint as if set out in full herein.

60. At all times material hereto, the Employer/Defendant failed to comply with Florida's Private Sector Whistleblower's Act, Florida Statute Section 448.102, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

61. Plaintiff objected to illegal activity (Defendant's failure to compensate its employees at the prevailing wage rate).

62. The laws, rules, and regulations objected to include the policies and regulations established by the Department of Labor.

63. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action by Defendant as a result of objecting to activities in violation to federal regulations.

64. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

65. Any alleged justified reason for this treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reason, her objections to the aforementioned illegal activity.

66. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida's Private Sector Whistleblower's Act, Florida Statute section 448.102, protecting a person from retaliation for opposing illegal conduct.

11

67.  The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with

reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the Florida Whistleblower's Act.

B.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to his objections to illegal activity.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## [SPACE INTENTIONALLY LEFT BLANK]

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 25, 2019                                 Respectfully submitted by:


                                                         */s/: Nathaly Saavedra*
                                                          Peter M. Hoogerwoerd, Esq.
                                                          Fla. Bar No.: 0188239
                                                          pmh@rgpattorneys.com
                                                          Nathaly Saavedra, Esq.
                                                          Fla. Bar No. 118315
                                                          ns@rgpatttorneys.com
                                                          Carlos D. Serrano, Esq.
                                                          Fla. Bar No. 1010125
                                                          cs@rgpattorneys.com
                                                          ***Remer & Georges-Pierre, PLLC***
                                                          44 West Flagler Street, Suite 2200
                                                          Miami, FL 33130
                                                          (305) 416-5000- Telephone
                                                          (305) 416-5005- Facsimile

Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

       Plaintiff,

v.                              Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

       Defendant(s).

_____/

**SUMMONS IN A CIVIL CASE**

**TO:**   JVA Engineering Contractor, Inc, through its Registered Agent:

                ALVAREZ, JOSE M
                11830 SW 51 ST
                MIAMI, FL 33175

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                PETER M. HOOGERWOERD, ESQ.
                REMER & GEORGES-PIERRE, PLLC.
                44 WEST FLAGLER STREET. STE. 2200
                MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                DATE

_____
(BY) DEPUTY CLERK

Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

      Plaintiff,

v.                                  Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

      Defendant(s).

_____/

**SUMMONS IN A CIVIL CASE**

**TO:**         ALVAREZ, JOSE M
                   11830 SW 51 ST
                   MIAMI, FL 33175

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                   PETER M. HOOGERWOERD, ESQ.
                   REMER & GEORGES-PIERRE, PLLC.
                   44 WEST FLAGLER STREET. STE. 2200
                   MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                   DATE

_____
(BY) DEPUTY CLERK

Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

     Plaintiff,

v.                              Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

     Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**TO:**   JVA Engineering Contractor, Inc, through its Registered Agent:

          ALVAREZ, JOSE M
          11830 SW 51 ST
          MIAMI, FL 33175

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          PETER M. HOOGERWOERD, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET. STE. 2200
          MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                            3/14/2019

_____
CLERK                DATE

_____
(BY) DEPUTY CLERK



Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

     Plaintiff,

v.                                       Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

     Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**TO:**         ALVAREZ, JOSE M
                  11830 SW 51 ST
                  MIAMI, FL 33175

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                  PETER M. HOOGERWOERD, ESQ.
                  REMER & GEORGES-PIERRE, PLLC.
                  44 WEST FLAGLER STREET. STE. 2200
                  MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                        3/14/2019

_____
CLERK                    DATE

_Shedrika Flaer_ 309876
_____
(BY) DEPUTY CLERK



## RETURN OF SERVICE

| State of Florida | County of DADE | Circuit Court |
|---|---|---|

Case Number: 2019-006049-CA-01

Plaintiff:
**JORGE MARTINEZ**

vs.

Defendant:
**JVA ENGINEERING CONTRACT, INC ET AL**

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 18th day of March, 2019 at 9:39 am to be served on **JVA ENGINEERING CONTRACTOR, INC REGISTERED AGENT: ALVAREZ, JOSE M, 11830 SW 51 ST, MIAMI, FL 33175**.

I, HERBERT SCHWARTZ, do hereby affirm that on the **1st day of April, 2019** at **10:42 am**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **ROGELIO MILIAN** as **MANAGER** of **JVA ENGINEERING CONTRACTOR, INC** 6600 NW 32 AVE, MIAMI, FL, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

**Additional Information pertaining to this Service:**
DOES NOT RESIDE AT THE ORIGINAL ADDRESS PROVIDED. I THEN ATTEMPTED 6600 NW 32 AVE, MIAMI, FL, WHERE SERVICE WAS COMPLETED.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**HERBERT SCHWARTZ**
CPS#738

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019004099

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

     Plaintiff,

v.

Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

*ROGELIO MILIAN/mar*
DATE *4/1/19*  TIME *10:42 AM*
INITIALS *___*  ID# *738*

     Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:**  JVA Engineering Contractor, Inc, through its Registered Agent:

     *JOSE A. ALVAREZ/V.P.* ALVAREZ, JOSE M
     *MARIA N. ALVAREZ/MGR.* 11830 SW 51 ST
     MIAMI, FL 33175

① *6600 NW 32 AVE*
*Miami, FL*

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER M. HOOGERWOERD, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET. STE. 2200
     MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

          3/14/2019

_____     _____
CLERK             DATE

*_____*
(BY) DEPUTY CLERK



OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

4099

Filing # 85857426 E-Filed 03/05/2019 09:46:56 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ,

    Plaintiff,

v.                       Case No.: 2019-006049-CA-01

JVA ENGINEERING CONTRACT, INC,
A Florida Profit Corporation
And ALVAREZ, JOSE, individually

DATE: 4/12/19   TIME 10:00pm

INITIALS:   ID# 738

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

TO:        ALVAREZ, JOSE M
          11830 SW 51 ST
          MIAMI, FL 33175

 6600 NW 32 Ave
Miami, FL 8

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

            3/14/2019

_____    _____
CLERK                     DATE

            309876
(BY) DEPUTY CLERK

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM



MILITARY
YES   (NO)

4/00

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

JORGE MARTINEZ                           CASE NO.: 2019-006049-CA-01
     Plaintiff,

v.

JVA ENGINEERING CONTRACT, INC.,
A Florida Profit Corporation
And JOSE ALVAREZ, individually
     Defendants.
_____/

## NOTICE OF APPEARANCE

Edward S. Polk, Esq. and Michael P. Logan, Esq. of Cole, Scott & Kissane, P.A. hereby give notice of their appearance on behalf of Defendants, JVA Engineering Contract, Inc., a Florida Profit Corporation and Jose Alvarez, individually, and request that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2019, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Peter Hoogerwoerd, pmh@rgpattorneys.com; Remer & Georges-Pierre, PLLC; 44 West Flagler Street, Suite 2200, Miami, FL 33101, (305)-416-5000. Attorney for Plaintiff, Jorge Martinez.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO.: 2019-006049-CA-01

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant JVA Engineering*
*Contract, Inc., a Florida Profit Corporation, and*
*Jose Alvarez, individually*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: michael.logan@csklegal.com


By:    s/ Edward S. Polk
       EDWARD S. POLK
       Florida Bar No.:  239860
       MICHAEL P. LOGAN
       Florida Bar No.: 0301467


1917.1133-00/13826793