UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-21719-BLOOM/Louis

JORGE MARTINEZ
    Plaintiff,

v.

JVA ENGINEERING CONTRACT, INC.,
A Florida Profit Corporation
And JOSE ALVAREZ, individually
    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, JVA Engineering Contract, Inc., a Florida Profit Corporation, and Jose Alvarez, individually, answers the Plaintiff's Complaint as follows:

1. Defendants admit that Plaintiff seeks damages in excess of $15,000 but deny that Plaintiff is entitled to any recovery, and further assert that if Plaintiff is entitled to any form of recovery, it is less than $15,000.

2. Paragraph 2 of the Complaint is admitted.

3. Defendants lack sufficient information to admit or deny the allegations in paragraph 3 of the Complaint, and all such allegations are therefore denied.

4. The Defendants admit paragraph 4 of the Complaint.

5. The Defendants admit paragraph 5 of the Complaint.

6. The Defendants admit paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff seeks the various remedies enumerated in paragraph 7, but deny that Plaintiff is entitled to any relief.

8. Defendants lack sufficient information to admit or deny the allegations in paragraph 8 of the Complaint, and all such allegations are therefore denied.

9. The Defendants admit paragraph 9 of the Complaint.

10. The Defendants deny paragraph 10 of the Complaint as phrased.

11. The Defendants admit paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint is denied.

13. Paragraph 13 of the Complaint is denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 15 of the Complaint is denied.

16. Paragraph 16 of the Complaint is denied.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

**Count I: Breach of Agreement Against JVA Engineering Contractor, Inc.**

19. The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

**Count II: Quantum Meruit Against JVA Engineering Contractor, Inc.**

22. The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

23. The Defendants admit paragraph 23 of the Complaint.

24. The Defendants admit paragraph 24 of the Complaint.

25. The Defendants admit paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint is denied.

27. Defendants deny that the Plaintiff is entitled to the remedies specified in paragraph 27.

### Count III: Unjust Enrichment against JVA Engineering Contractor Inc.

28. The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

29. The Defendants admit paragraph 29 of the Complaint.

30. The Defendants admit paragraph 30 of the Complaint.

31. The Defendants admit paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint is denied.

33. Defendants deny that the Plaintiff is entitled to the remedy specified in paragraph 33.

### Count IV: Wage & Hour Federal Statutory Violation
### Against JVA Engineering Contractor, Inc.

34. The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

35. Paragraph 35 of the Complaint is Plaintiff's statement of statutory law and no response is needed. To the extent any response is required, the Defendants deny paragraph 35 of the Complaint.

36. The Defendants admit paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint is denied as phrased.

38. The Defendants admit paragraph 38 of the Complaint.

39. The Defendants admit paragraph 39 of the Complaint.

40. The Defendants admit that the Plaintiff seeks the items specified in paragraph 40 of the Complaint but deny that there are any unpaid wages owed to Plaintiff.

41. Paragraph 41 of the Complaint is denied.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

### **Count V: Wage & Hour Federal Statutory Violation Against Jose M. Alvarez.**

44.     The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

45.     The Defendants admit paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint is Plaintiff's statement of statutory law and no response is needed. To the extent any response is required, the Defendants deny paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint is denied as phrased.

48.     Paragraph 48 of the Complaint is denied.

### **Count VI: FLSA Retaliation Violation against JVA Engineering Contractor, Inc.**

49.     The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

50.     Paragraph 50 of the Complaint is Plaintiff's statement of Florida law and no response is needed. To the extent any response is required, the Defendants deny paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint is denied.

52.     Paragraph 52 of the Complaint is denied.

53.     Paragraph 53 of the Complaint is denied.

### **Count VII: FLSA Retaliation Violation Against Jose M. Alvarez**

54.     The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

55.     Paragraph 55 of the Complaint is Plaintiff's statement of Florida law and no response is needed. To the extent any response is required, the Defendants deny paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint is denied.

57. Paragraph 57 of the Complaint is denied.

58. Paragraph 58 of the Complaint is denied.

### Count VIII: Violation by Florida Private Sector Whistleblower's Act, Section 448.102

59. The Defendants reassert their responses to paragraphs 1 through 18 of the Complaint.

60. Paragraph 60 of the Complaint is denied.

61. Paragraph 61 of the Complaint is denied.

62. Paragraph 62 of the Complaint is denied.

63. Paragraph 63 of the Complaint is denied as phrased.

64. Paragraph 64 of the Complaint is denied.

65. Paragraph 65 of the Complaint is denied.

66. Paragraph 66 of the Complaint is denied.

67. Paragraph 67 of the Complaint is denied.

68. All allegations in the Complaint that are not expressly admitted herein are denied.

69. As a First Affirmative Defense, the Defendants state that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was de minimis as defined under the Fair Labor Standards Act 29 U.S.C. § 207(a)(1), and therefore, Plaintiff is not entitled to compensation.

70. As a Second Affirmative Defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, Plaintiff's claim is therefore limited to two years, not three years.

71. As a Third Affirmative Defense, the Defendants state that Plaintiff's claims arising more than two years prior to the date of the filing of the Complaint are barred by the statute of limitations as defined in the Portal-to-Portal Act 29 U.S.C. § 255. Defendants further state that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendants were acting in good faith in reliance on and conformity with the Portal-to-Portal Act, 29 U.S.C. § 255.

72. As a Fourth Affirmative Defense, the Defendants state that at all or at certain times material hereto, Plaintiff was an exempt salaried employee who was not eligible for overtime consideration.

73. As a Fifth Affirmative Defense, the Defendants state that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

74. As a Sixth Affirmative Defense, the Defendants state that if Plaintiff is entitled to any additional wages, which Defendants expressly deny, he is only entitled to receive half time pay for any overtime hours because he was paid for all hours worked.

75. As a Seventh Affirmative Defense, the Defendants state that if Plaintiff proves that Defendants acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendants accordingly request this Court, in the exercise of its discretion, not make an award of liquidated damages to Plaintiff, should any omission have occurred.

76. As an Eighth Affirmative Defense, the Defendants state that Plaintiff's claims are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately

report hours allegedly worked and/or Defendants were unaware that Plaintiff worked the hours claimed.

77. As a Ninth Affirmative Defense, the Defendants state that the regular rate cannot be computed based upon periods of time during which he performed no work, including breaks, exempted travel, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

78. As a Tenth Affirmative Defense, the Defendants state that Plaintiff is precluded from recovery as he failed to report or object to any alleged or perceived shortfall in his pay prior to the filing of this suit.

79. The Defendants request trial by jury of all issues so triable.

WHEREFORE, the Defendants, JVA Engineering Contract, Inc., a Florida Profit Corporation and Jose Alvarez, individually, demand Judgment against the Plaintiff for costs and all other damages which this Court deems just and equitable and further demands a trial by jury of all issues so triable as of right by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of May 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants JVA Engineering Contract, Inc., a Florida Profit Corporation, and Jose Alvarez,*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: michael.logan@csklegal.com

By: s/ *Edward S. Polk*
EDWARD S. POLK
Florida Bar No.: 239860
MICHAEL P.G. LOGAN
Florida Bar No.: 0301467

2064.0051-00/9668971