UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-21719-BLOOM/LOUIS

JORGE MARTINEZ,

    Plaintiffs,

v.

JVA ENGINEERING CONTRACT, INC.
and JOSE ALVAREZ,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, through undersigned counsel, respond to the Plaintiff's Statement of Claim (ECF 7) as follows:

1.    Plaintiff's Unpaid Wages claim is without merit. Payment of his full hourly rate was tendered to him prior to the filing of this suit. The job on which Plaintiff was working was a Miami-Dade County Public Works project. All payrolls were submitted to Miami-Dade County for review and approval. Upon its review, Miami-Dade County determined that Plaintiff had been misclassified in his job role, and for certain weeks was underpaid by the differential in the job classifications. JVA promptly issued a check to Mr. Martinez for the amount of the underpayment, and notified him on multiple occasions to go to the office to pick up the check. He never went to obtain the check. As a result, the check was reissued to Miami-Dade County (with an additional 7.65% fee) and Miami-Dade County then assumed responsibility to locate Mr. Martinez and deliver the check to him. Plaintiff was tendered payment of all sums owed to him, as verified by Miami-Dade County's review.

2. The Overtime Wage component of Plaintiff's Statement of Claim consists of general assumptions, and lacks any meaningful specificity or supporting documentation.  It is therefore difficult to respond to Plaintiff's projected claim on a point by point basis.  Plaintiff contends he "regularly worked between 55-60 hours per week" (ECF 7 at 1).  It is also noted that Plaintiff makes no adjustment for vacation, sick days, PTO, holidays or other non-compensable time.

3. Throughout his time at JVA Engineering, Plaintiff was paid for all hours worked, as reflected in the company's payroll records.

4. Plaintiff will be provided the documentation that supports Defendants' position.

5. In addition to the denial of Plaintiff's claim, as noted above, the Defendants also assert that any unpaid overtime that may have been incurred was *de minimis*, and therefore not actionable; Plaintiff is not entitled to compensation for preliminary or postliminary activities as defined in the Portal-to-Portal Act; any failure to pay Plaintiff's full earned wage was inadvertent, unintentional and in good faith; and Plaintiff is estopped to assert this claim by his conduct in verifying and agreeing to the calculation of his time and wages.  The Defendants adopt and assert all issues set forth in their Answer and Affirmative Defenses.

6. Plaintiff's other claims (retaliation and wrongful termination) are denied.  In fact, Plaintiff was never terminated, but he left or abandoned the job voluntarily.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June 2019, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

<div style="margin-left: 3em;">

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants JVA ENGINEERING CONTRACT, INC. and JOSE ALVAREZ*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: danise.townsend@csklegal.com

By: s/ *Edward S. Polk*
EDWARD S. POLK
Florida Bar No.: 239860

</div>

1917.1133-00/14485518